UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-22393-JEM

EUROSPORT ACTIVE WORLD
CORPORATION, INC.

    Plaintiff,

v.

BANQUE CANTONALE NEUCHÂTELOISE
et al.,

    Defendants.
_____/

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS DUE TO LACK OF PERSONAL JURISDICTION

Pursuant to General Rule 7.1(c), Rules of the United States District Court for the Southern District Court of Florida, Defendants Banque Cantonale Neuchâteloise ("BCN"), David Moser, and Nelcy Mayoraz-Bovet file their Reply to the Plaintiff's Response to Defendants' Motion to Dismiss Due to Lack of Personal Jurisdiction and incorporated Memorandum of Law (the "Motion"). Plaintiff's Response falls woefully short of meeting the arguments and evidence these Defendants advanced in support of their Motion. For the reasons set forth in the Motion and in this Reply, Plaintiff's Complaint should be dismissed.[1]

    **A.**    ***Plaintiff has not carried its burden of establishing personal jurisdiction.***

Eurosport has provided no evidentiary support for its Response to Defendants' Motion [D.E. 18]. Plaintiff has not filed any affidavits or other evidence whatsoever, and Defendants'

---

[1] Plaintiff did not respond to Defendant's alternative Motion to Dismiss based on Forum Non Conveniens. That alternative Motion stands unchallenged and should be granted if the Motion to Dismiss for Lack of Personal Jurisdiction is not.

affidavits are uncontroverted. Plaintiff has the burden of proving personal jurisdiction exists over the Defendants. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996). Mere argument cannot satisfy that burden. Instead, where a defendant submits affidavits disputing a plaintiff's jurisdictional allegations, the "plaintiff must produce *evidence* supporting the exercise of long-arm jurisdiction." *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 Fed. Appx. 779, 783 (11th Cir. 2014)(emphasis added). Plaintiff here has failed to carry its burden. The record is devoid of evidence to support a prima facie case for personal jurisdiction over these Defendants, so the Court need go no further than this in granting Defendants' Motion. *See, e.g., Gregory v. EBF & Assocs., LP*, 595 F. Supp. 2d 1334 (S.D. Fla. 2009)(dismissing complaint on jurisdictional grounds even where opposing affidavits were filed, where those affidavits failed to establish a prima facie case of personal jurisdiction sufficient to withstand a motion for directed verdict). Additionally, as we show below, even if mere allegations and arguments could suffice, the arguments Plaintiff makes do not support the exercise of jurisdiction over these Defendants.

  **B.** *Plaintiff has failed to establish personal jurisdiction under Florida's long-arm statute.*

Plaintiff contends that sections 48.193 (1)(a)(1) and (1)(a)(6) of Florida's long-arm statute confer jurisdiction over Defendants here.[2] To satisfy the "operating, conducting, engaging in, or carrying on [of] a business venture in this state" requirement of section 48.193(1)(a)(1), a plaintiff must establish that the defendant's activities "show a general course of business activity in the state for a pecuniary benefit." *See Musiker v. Projectavision, Inc.*, 960 F. Supp. 292, 295 (S.D. Fla. 1997). Plaintiff makes only one argument in this regard, and that argument relates only

---

[2] In its Complaint [D.E. 1], Plaintiff did not specify the section(s) of Florida's long-arm statute it was traveling under. Therefore, in our Motion we speculated that Plaintiff may also be seeking to establish jurisdiction under section 48.193(1)(a)(2). *See Motion* [D.E. 14] at 15-18. Plaintiff makes clear in its Response that it does *not* seek to invoke that subsection. *See* [D.E. 18] at 2 (invoking jurisdiction under sections 48.193(1)(a)(1) and (1)(a)(6) only).

to Defendant BCN, demonstrating Plaintiff's concession that there is no jurisdiction over Defendants Moser and Mayoral-Bovet under this subsection. *See* [D.E. 18] at 4.

Even as to BCN, Plaintiff's argument does not pass muster. Plaintiff makes no effort to controvert BCN's showing that personal jurisdiction cannot arise from the limited contacts it has had with the state – the opening and maintenance of bank accounts in Switzerland by a handful of depositors who have addresses in this state which are unrelated to this action. *See* Motion [D.E. 14] at 19. To the contrary, those limited contacts cannot support the exercise of jurisdiction over BCN. *See, e.g.*, *Aronson v. Celebrity Cruises, Inc.,* 2014 WL 3408582 (S.D. Fla. May, 9, 2014)(dismissing for lack of personal jurisdiction even where defendant annually traveled to Florida for a trade conference, discussed potential business while in Florida, submitted bids via e-mail to Florida companies, bought equipment in Florida, purchased insurance through a Miami-based insurance broker, and was a member of a Florida-based trade organization through which it maintained relationships in the state); *Roof & Rack Prod., Inc. v. GYB Inv., LLC*, 2014 WL 3116413 *44 (S.D. Fla., July 8, 2014)(finding that Florida sales comprising 4% of defendant's business does not compromise substantial revenue sufficient to confer jurisdiction).

The *de minimis* number of accounts maintained at BCN in Switzerland by depositors with Florida addresses (comprising 1/100 of 1% of all account holders) does not demonstrate the "engaging in of a general course of business" required by section 48.193(1)(a)(1).

Nor is there jurisdiction over Defendants under section 48.193(1)(a)(6). That subsection provides for personal jurisdiction upon a showing that a defendant caused injury to persons or property within the state arising out acts or omissions by the defendant occurring outside the state, but only if the defendant was simultaneously engaged in solicitation or service activities within the state. Plaintiff asserts jurisdiction is proper under this subsection of the Florida long-

arm statute because Defendants' actions in Switzerland regarding BCN's account-holder, SWATE, somehow damaged both Plaintiff and its *shareholders* in Florida. Response [D.E. 18] at 3. Again, Plaintiff offers no evidence, whether to support the claims of damage or even the claim that has shareholders in Florida. In fact, Plaintiff does not identify a single shareholder in this state.[3] Nor does it cite any authority whatsoever for the novel proposition that, in an action by a company, damage to the company's individual shareholders can form the basis for the exercise of personal jurisdiction over an out-of-state defendant. We are aware of no such authority.

Plaintiff's argument that it has been damaged is even more attenuated because Plaintiff concedes it had no direct relationship with Defendants. *See* Response [D.E. 18] at 3 ("in fact, the Plaintiff did not own an account at the Defendant Bank. . . ."). So while it baldly asserts that it was harmed "directly," *see id.*, it acknowledges that this alleged "direct" harm comes only through a claimed connection to the Swiss company, SWATE, and only because "the same two persons" run both companies. *Id.* Because of this common management, Plaintiff contends, actions impacting SWATE in Switzerland constitute injury to both Plaintiff and its shareholders in Florida. *Id.*

This argument fails as a basis for the exercise of jurisdiction. Even if the same individuals run both companies, that fact would not confer jurisdiction here. Plaintiff cites not a single authority holding that harm to one company confers personal jurisdiction in a claim by another company where those companies share management, research has not revealed any authority for the assertion. Moreover, as Plaintiff's own Complaint shows, if any damage occurred at all as a

---

[3] The only evidence pertaining to any individual connected to Eurosport is that both of its principals are residents of Switzerland. *See* Motion [D.E. 14] at 3 and Ex. 3, ¶ 23 attached thereto.

result of Defendants' conduct in Switzerland, that damage occurred to BCN's Swiss account-holder, SWATE, in Switzerland based upon acts undertaken solely in that country.

Plaintiff ignores the second prong of section 48.193(1)(a)(6) entirely. It does not argue, let alone prove, that the Swiss actions and Florida injury about which it complains occurred at a time *when Defendant was "engaged in solicitation or service activities within the state."* §48.193(1)(a)(6), Fla. Stat. (emphasis added). As Defendants' unrebutted Affidavits reflect, at no time did any of them ever engage in solicitation or service activities in the State of Florida. For this reason too, jurisdiction under this subsection cannot lie.

The most glaring flaw in Plaintiff's appeal for the exercise of jurisdiction under this sub-section is its failure to address the fact that section 48.193(1)(a)(6) "applies only when a defendant's out of state actions cause *personal injury or damage to physical property* in the State of Florida." *Snow v. DirectTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006)(citations omitted)(emphasis added); *see Musiker*, 960 F. Supp. at 297 ("mere economic injury without accompanying personal or property injury does not confer personal jurisdiction" under this provision). Plaintiff has not alleged or argued, let alone submitted evidence to show, that Defendants' Swiss actions caused personal injury or property damage in Florida. Indeed, while Plaintiff seeks to seek to invoke jurisdiction under the Florida long-arm statute, it does not cite a single Florida case supporting its position. For all of these reasons, section 48.193(1)(a)(6) does not afford a basis for jurisdiction over these Defendants.

### C.     *Plaintiff's minimum contacts analysis is flawed.*

Plaintiff relies on *Calder v. Jones*, 465 U.S. 783 (1984), for the proposition that, "if the focal point of the torts and the harm suffered was in Florida . . . , then personal jurisdiction is proper in Florida." *See* Response [D.E. 18] at 3. This, and Plaintiff's companion argument that "the Plaintiff's [sic] lack of contacts" will not defeat otherwise proper jurisdiction," [D.E. 18] at 3, suggests a misguided belief that establishing jurisdiction under a state's long-arm statute is unnecessary. *Calder* stands for no such thing.

In *Calder*, both the starting point and the ending point for the Court's jurisdictional analysis was application of the Constitutional minimum contacts test. This was not because the California long-arm statute did not apply, however. To the contrary, the Court first looked to the California long-arm statute, applying only the minimum contacts test after finding that the California long-arm statute provided for personal jurisdiction co-extensive with the Constitution of the United States. *See* 465 U.S. 783, 786, n.5.

The same procedure adheres here, but the Florida long-arm statute is different from the California statute in *Calder*. Plaintiffs seeking to assert jurisdiction over out-of-state defendants in Florida courts must first establish jurisdiction over the non-resident defendant under section 48.193. *See Sculptchair, Inc.,* 94 F.3d at 626; *Carmouche v. Carnival Corp.*, 2014 WL 3894361 *1 (S.D. Fla. Aug. 7, 2014). The court applies the Constitutional "minimum contacts" test only after it first finds the statute has been satisfied. We have shown above that Plaintiff has failed to demonstrate jurisdiction under the Florida long-arm statute. The minimum contacts analysis is unnecessary.

Even if this court were to engage in a minimum contacts analysis, the *Calder* facts hold no promise for Plaintiff. There, the United States Supreme Court found that the defendants

6

intentionally published in California a libelous article about a California resident's California activities, basing the article on California sources, and causing damage to the California plaintiff in California, where her career was based. *See Calder*, 465 U.S. 783, 788-89. Based on these findings, the Court concluded that the defendants knew "the brunt of the injury would be felt by the [plaintiff] in California," 465 U.S. at 789-90, and that the defendants therefore could "'reasonably anticipate being haled into court there" in an action based upon the article's publication. *Id.* at 790.

Here, in contrast, the actions complained of occurred exclusively in Switzerland and related solely to a party in Switzerland – SWATE. Unlike in *Calder*, the actions complained of were not directed at the complaining plaintiff (Eurosport here), were not in any way based upon contacts with the forum state (Florida here), and were not directed to the forum state. As we detail at pages 20-25 of our Motion [D.E. 14], these actions do not establish minimum contacts with Florida. Under the facts alleged (although not proven, as is Plaintiff's burden), Plaintiff's claims do not ''arise out of or relate to' at least one of the defendant's contacts with the forum; the defendants have not 'purposefully availed' themselves of the privilege of conducting activities within this, and the exercise of personal jurisdiction over them would not comport with 'traditional notion of fair play and substantial justice.'" *See Blueskygreenland Env't Sol., Inc. v. 21st Century Planet Fund, LLC*, 2014 WL 1341277 *5 (S.D. Fla. Apr. 4, 2014)(quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339 (11th Cir. 2013)). Even under a minimum contacts analysis, there is no personal jurisdiction in Florida over these Defendants.

### D.  *Conclusion.*

Plaintiff's response to Defendants' Motion to Dismiss is long on rhetoric, absent relevant legal authority, and devoid of evidentiary support. For these reasons, and as more fully set forth

in their Motion, Defendants respectfully request that the Court dismiss the Complaint for lack of personal jurisdiction over them.

Dated: April 6, 2015  
Miami, Florida

Respectfully submitted,

/s/ Jeffrey T. Foreman  
Stanley H. Wakshlag  (FL Bar 266264)  
Email:		shw@knpa.com  
Jeffrey T. Foreman  (FL Bar 612200)  
Email:		jtf@knpa.com  
Christina Ceballos-Levy  (FL Bar 0411965)  
Email:		ccl@knpa.com  
Kenny Nachwalter, P.A.  
201 South Biscayne Boulevard, Suite 1100  
Miami, FL 33131-4327  
Telephone	305.373.1000  
Facsimile	305.372.1861  
*Counsel for Defendants, Banque Cantonale Neuchâteloise, David Moser and Nelcy Mayoraz-Bovet*

**CERTIFICATE OF SERVICE**

I hereby certify that April 6, 2015, I caused the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in the manner stated in the service list attached..

/s/ Jeffrey T. Foreman  
Jeffrey T. Foreman

## SERVICE LIST
## US District Court, Southern District of Florida
### Case No. 14-CV-22393-JEM
*Eurosport Active World Corporation v. Banque Cantonale Neuchâteloise, et al.*

| | |
|---|---|
| Corey E. Hoffman<br>E-mail: corey@coreyhoffman.com<br>Corey E. Hoffman, P.A.<br>3250 Mary Street<br>Suite 303<br>Coconut Grove, FL 33133<br>*Counsel for Plaintiff*<br>**VIA CM/ECF** | Stanley H. Wakshlag<br>Email: shw@knpa.com<br>Jeffrey T. Foreman<br>Email: jtf@knpa.com<br>Christina Ceballos-Levy<br>Email: ccl@knpa.com<br>Kenny Nachwalter, P.A.<br>201 South Biscayne Boulevard, Suite 1100<br>Miami, FL 33131-4327<br>*Counsel for Defendants*<br>**VIA CM/ECF** |