UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-22393-CIV-MARTINEZ-GOODMAN

EUROSPORT ACTIVE WORLD
CORPORATION, INC.,

    Plaintiff,

vs.

BANQUE CANTONALE NEUCHATELOISE,
et al.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS DUE TO LACK OF PERSONAL JURISDICTION

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Complaint Due to Lack of Personal Jurisdiction (the "Motion") [ECF No. 14]. The Court reviewed the Complaint [ECF No. 1], the Motion [ECF No. 14], Plaintiff's Response (the "Response") [ECF No. 18], and Defendants' Reply (the "Reply") [ECF No. 19]. For the reasons stated herein, the Court grants Defendants' Motion to Dismiss.

## I. BACKGROUND

Plaintiff Eurosport Active World Corporation, Inc. ("Eurosport") sued Defendants on June 27, 2014, alleging intentional interference with a business relationship and libel [ECF No. 1]. The Complaint states Plaintiff is in the renewable technology business, with its Florida office located in Coral Gables [ECF No. 1 ¶ 12]. Plaintiff also conducts business outside of the United States. *Id.* Plaintiff hired a Swiss company, Swiss Water Tech Research & Development, S.A. ("SWATE") to perform feasibility studies for Plaintiff [ECF No. 1 ¶ 13]. SWATE is a client of

Defendant, Banque Cantonale Neuchâteloise ("BCN") and SWATE's banker is Defendant David Moser [ECF No. 1 ¶ 14].

On March 4, 2014, Defendants contacted the Money-laundering Reporting Office of Switzerland ("MROS") alleging fraud and money-laundering on the part of Plaintiff and SWATE [ECF No. 1 ¶ 16]. As a result, MROS ordered an investigation of Plaintiff [ECF No. 1 ¶ 17]. Plaintiff alleges Defendants ignored contradictory and exculpable information about SWATE and Eurosport which indicated they did not commit fraud or money laundering [ECF No. 1 ¶ 18].

Consequently, word of the investigation spread amongst the public and Plaintiff's shareholders, damaging Plaintiff's reputation [ECF No. 1 ¶ 23]. Plaintiff alleges that investors cancelled contracts and that customers terminated contract negotiations. *Id.* On February 13, 2015, Defendants' moved to dismiss for lack of personal jurisdiction [ECF No. 14]. Plaintiff argues this Court has personal jurisdiction over Defendants pursuant to Florida Statute 48.193(1). Specifically, Plaintiff argues Defendants caused injury within Florida through acts occurring outside of Florida while engaged in business with Plaintiff, located in Florida [ECF No. 1 ¶ 8]. Plaintiff further alleges that Defendants have sufficient contacts with Florida; thus, the exercise of personal jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice [ECF No. 1 ¶ 9].

## II. STANDARD OF REVIEW

An evidentiary hearing is not required upon a defendant's motion to dismiss for lack of personal jurisdiction. *Melgarejo v. Pycsa Panama, S.A.*, 537 Fed. Appx. 852, 862 (11th Cir. 2013) (citing *Mutual Service Ins. Co. v. Frit Industries, Inc.*, 358 F.3d 1312, 1319 n.6 (11th Cir. 2004)). The plaintiff must establish a *prima facie* case of personal jurisdiction by presenting

"sufficient evidence by way of affidavits or deposition testimony to survive a motion for a directed verdict," when the court does not hold a hearing. *Id.* If the plaintiff establishes a *prima facie* case for personal jurisdiction, then the defendant must raise (through affidavits, documents or testimony) a meritorious challenge to personal jurisdiction. *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir.2009). If the defendant establishes a *prima facie* case against personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction (through affidavits, documents or testimony). *Id.* If the defendant's evidence does not contradict the allegations in the complaint, the court must construe the allegations as true. *Mutual Service Ins. Co.*, 358 F.3d at 1319 n.6. Also, the court must construe all reasonable inferences in favor of the plaintiff when the evidence conflicts. *Id.*

Pursuant to Federal Rule of Civil Procedure 12(b)(2), when analyzing a motion to dismiss for lack of personal jurisdiction, the court must: (1) ascertain whether the forum state's long arm statute provides a basis for personal jurisdiction; and (2) ascertain whether the exercise of personal jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Abramson v. Walt Disney Co.*, 132 Fed. Appx. 273, 275 (11th Cir. 2005) (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)). Due process analysis focuses on whether the defendant has sufficient "minimum contacts" with the forum state to satisfy "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 463-64.

The court must construe Florida's long arm statute as would the Florida Supreme Court because the reach of the long arm statute is a question of state law. *Id.* (citing *Madara*, 916 F.2d at 1514). Furthermore, the Eleventh Circuit held that the long arm statute should be strictly

-3-

construed. *See Sculptchair, Inc. v. Century Arts*, 94 F.3d 623, 627 (11th Cir. 1996) (citing *Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 891 (11th Cir. 1983)). The plaintiff carries the burden of proving personal jurisdiction. *Id.*

The plaintiff did not plead general jurisdiction, but rather pled specific jurisdiction [ECF No. 1]. Under Florida's long arm statute, specific jurisdiction exists when a plaintiff shows a defendant's conducts falls within one of the criteria specified in Fla. Stat. § 48.193(1) and demonstrates a "connexity" or causal connection between the plaintiff's cause of action and defendants' activities in Florida. *See Peruyero v. Airbus S.A.S.*, 2014 U.S. Dist. LEXIS 181675, *9 (S.D. Fla. Apr. 30, 2014) (citing *Canale v. Rubin*, 20 So. 3d 463, 466 (Fla. 2d DCA 2009)).

### III. ANALYSIS

#### A. Facts Relevant to Personal Jurisdiction Analysis

Plaintiff, Eurosport, is a Florida corporation, with its main office in Miami-Dade County, Florida [ECF No. 1 ¶ 2]. Eurosport's principals, Ralph Hofmeier and Irma Velasquez, are both residents of Neuchâtel, Switzerland [ECF No. 14-3 ¶ 23]. Defendant, BCN, is headquartered in Neuchâtel, Switzerland [ECF No. 14 Ex. 3 ¶ 5]. BCN does not have a single branch or representative office in Florida or in the United States. *Id.* Hofmeier and Velasquez are BCN clients who maintain personal accounts and an account for their Switzerland-based business, SWATE, at BCN's Neuchâtel office [ECF No. 14-3 ¶ 22]. BCN has never conducted business with Eurosport. *Id.* BCN has a *de minimis* amount of clients who reside in Florida, approximately 1/100 of 1% of BCN's current clients, representing 0.0045% of assets under management [ECF No. 14-3 ¶ 18]. Further, BCN does not solicit or service clients in Florida and performs all services for clients who reside in Florida, in Switzerland [ECF No. 14-3 ¶ 18].

Defendant Nelcy Mayoraz-Bovet, a Compliance officer at BCN, is a resident of Neuchâtel, Switzerland [ECF No. 14-5 ¶ 1, 3]. Defendant David Moser, former Wealth Manager at BCN, is a resident of Neuchâtel, Switzerland [ECF No. 14-6 ¶ 1, 4]. Both Moser and Mayoraz-Bovet never telephoned anyone for business in Florida and never conducted business in Florida [ECF No. 14-5 ¶ 6, 9 and 14-6 ¶ 6, 9]. Additionally, neither Moser nor Mayoraz-Bovet own any real property, personal property, or bank accounts in Florida, have any agents in Florida, sell or ship goods into Florida, nor advertise or solicit business in Florida [ECF No. 14-5 ¶ 7-10 and 14-6 ¶ 7-10]. Lastly, Moser has never been to Florida [ECF No. 14-6 ¶ 5] and Mayoraz-Bovet has never been to Florida for business purposes [ECF No. 14-5 ¶ 5].

SWATE, a non-party, is a Swiss company with its principal office in Neuchâtel, Switzerland [ECF No. 14-3 ¶ 22]. The principals of SWATE are Ralph Hofmeier and Irma Velasquez [ECF No. 14-3 ¶ 23]. Plaintiff states in the Complaint that SWATE is the "Swiss 'arm'" of Eurosport and that it used SWATE for research and development [ECF No. 1 ¶ 28]. All of BCN's communications occurred in Neuchâtel, Switzerland through SWATE's principals, Hofmeier and Velasquez [ECF No. 14-3 ¶ 24]. Further, BCN did not conduct any business, communicate with, or provide any services to SWATE in Florida. *Id.*

**B. Florida Long Arm Statute**

Plaintiff's Complaint generally alleges personal jurisdiction pursuant to Florida's specific jurisdiction long arm statute, Fla. Stat. 48.193(1) [ECF No. 1 ¶ 8]. In the Response [ECF No. 18], Plaintiff specifically alleges personal jurisdiction under Fla. Stat. 48.193(1)(a)(1) and Fla. Stat. 48.193(1)(a)(6) [ECF No. 18 at 2].

Fla. Stat. 48.193(1)(a)(1) states, "[a] person, whether or not a citizen or resident of this

state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from . . . [o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." In order to satisfy this criteria, a plaintiff must demonstrate that the defendant's activities "show a general course of business activity in the state for a pecuniary benefit." *Musiker v. Projectavision*, 960 F. Supp. 292, 295 (S.D. Fla. 1997).

Plaintiff's Response argues that Defendant BCN has contacts with the State of Florida because BCN has Florida depositors [ECF No. 18 at 3]. However, Plaintiff fails to adequately argue why personal jurisdiction should arise from BCN's limited contacts with Florida. Plaintiff fails to demonstrate how the *de minimis* number of depositors (1/100 of 1% of all account holders) with Florida addresses maintaining accounts at BCN establishes "engaging in a general course of business." Fla. Stat. 48.193(1)(a)(1); *See, e.g., Roof & Rack Prod., Inc. V. GYB Inv., LLC*, 2014 WL 3116413 *44 (S.D. Fla., July 8, 2014) (finding Florida sales comprising 4% of defendant's business insufficient to confer jurisdiction).

In addition, Fla. Stat. 48.193(1)(a)(6) states:

> Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either: (a) The defendant was engaged in solicitation or service activities within this state; or (b) Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

Plaintiff argues that Defendants' actions in Switzerland regarding BCN's account-holder SWATE damaged both Plaintiff and Plaintiff's shareholders in Florida [ECF No. 18 at 3].

The Court finds that Plaintiff fails to adequately demonstrate personal jurisdiction under Fla. Stat. 48.193(1)(a)(6). Plaintiff fails to identify a single one of their shareholders in Florida. Further, Plaintiff cites no authority to support the notion that an individual shareholder's injury can form the basis for the exercise of personal jurisdiction over an out-of-state defendant. Plaintiff further alleges that due to the common management of SWATE and Plaintiff Eurosport (principals Moser and Mayoraz-Bovet), Defendant's actions impacting SWATE in Switzerland constitute injury to Plaintiff and its shareholders in Florida [ECF No. 18 at 3]. Plaintiff fails to demonstrate why the same individuals running both companies would confer jurisdiction. More significantly, Plaintiff fails to address the second prong of Fla. Stat. 48.193(1)(a)(6). Plaintiff does not rebut Defendants' assertions that Defendants were at no time "engaged in solicitation or service activities within the state," as required by Fla. Stat. 48.193(1)(a)(6). Finally, Plaintiff fails to address the fact that Fla. Stat. 48.193(1)(a)(6) "applies only when a defendant's out of state actions cause personal injury or damage to physical property in the State of Florida." *Snow v. DirectTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006). For these reasons, the Court finds the long arm statue does not apply; therefore, the Court does not have personal jurisdiction over Defendants.

**C. Minimum Contacts Analysis**

The Court applies the Constitutional "minimum contacts" test only after finding the long arm statute satisfied. Plaintiff fails to establish jurisdiction under the Florida long arm statute and therefore the minimum contacts analysis is unwarranted.

## IV. CONSLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss Complaint Due to Lack of Personal Jurisdiction [ECF No. 14] is **GRANTED**.

2. All pending motions are **DENIED AS MOOT** and this case is **CLOSED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 17 day of June, 2015.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record